## STATE ex ARTISANS PROGRESSIVE SOCIETY v KAUFFMAN et

Ohio Common Pleas, Cuyahoga Co

No 431463.   Decided Aug 21, 1935

### OPINION

By JOY SETH HURD, J.

This cause comes before this court on the petition of the plaintiff for a writ of mandamus commanding the defendant Burton B. Kimberly as Building Inspector of

the City of Lakewood to issue a permit for the operation of a private club on Edgewater Drive, Lakewood, Ohio, and to enjoin the Board of Appeals and A. Kauffman, Mayor, from interfering with the Building Inspector in respect to the issuance of said permit.

It is claimed that the defendant, Burton R. Kimberly is a Building Commissioner of the Department of Permits of the City of Lakewood, and that the defendants, Robert G. Curren, Edward A. Fisher and A. Kauffman constitute the Board of Appeals under Ordinance No. 1786 and amendments thereto known as the "Zoning Ordinance"; it is alleged that the relators have their headquarters and place of business at 11803 Edgewater Drive, Lakewood, under a lease with the owner; that about April 15th, 1935 it made a formal application before the proper officials for a permit to operate and conduct its business as a private club; that on May 1, 1935, its application was presented at a meeting of the Board of Appeals and that a permit was granted by the Board on May 1, 1935; that its application was presented and permit granted, and it is further claimed that the relators made application for a D-4 permit from The Ohio State Liquor Control Board and paid its fee of One Hundred Dollars therefor; that on June 17th, 1935, the Council adopted Resolution No. 2858 directing the officials of the Board of Appeals to rescind and revoke said permit previously granted.

It is averred that the premises described are restricted to the use of a private club, and for the purposes for which relators intended, will use and are now using said premises; that the zoning law in full force at the time contained nothing prohibiting the relators from operating a private club, and from the use of liquor by its own members on said premises; that the refusal to issue said permit by the city is without legal jurisdiction and that they are entitled to receive a permit as of the date of the application.

It is further averred that the defendants, The Board of Appeals, are required by ordinance of the City to issue permits to applicants therefor upon compliance with the requirements by the relators, and that the defendants the commissioner and the Board of Appeals, upon instructions of the council, still refuse to issue to the relators said permit, and because of their inability to obtain a permit to operate a private club, they are unable to proceed with their plans and operation of said private club, and that its application for a liquor permit has been interfered with, and withheld by reason of the

Board of Appeals notifying the Board of Liquor Control of its revocation of the permit previously granted to the relators to operate said private club; that the Board of Appeals of the city of Lakewood has final jurisdiction in the event a permit is issued, and if so issued said commissioner may revoke said permit and refer the matter to the Board of Appeals and the Board of Appeals is made a defendant in order that any order issued by this court shall be binding upon the Board of Appeals to prevent them from failing or refusing to issue a permit or reinstate a permit, should a permit be issued and thereafter revoked.

The relators pray that a writ of mandamus be issued commanding Burton R. Kimberly, as commissioner, to comply with the requirements of law and to perform his duty by the issuance of a permit to the relators herein for the operation of a private club on the premises described, and that the defendants the mayor and the Board of Appeals be enjoined from doing any act or thing or asserting any power over the clerk of permits causing him directly or indirectly to violate the duty imposed upon him by law, and that they be enjoined from in any manner whatsoever interfering with said permit if the same be ordered by this court.

The defendants filed a joint answer, admitting that Burton R. Kimberly is the building commissioner of the department of permits of the City of Lakewood; that Robert G. Curren, Edward A. Fisher and A. Kauffman, defendants, constitute the Board of Appeals, with certain duties with reference to the Zoning Ordinance No. 1786, but deny that the duties imposed by said ordinance or other ordinances of the city are of the character described in the amended petition and admit that A. Kauffman is the Mayor of the City of Lakewood.

The defendants, for want of information, deny that the relator is a corporation of the character described; admit that the Council of the City of Lakewood adopted resolution No. 2858, directing that no action be taken to permit the relator to operate a so-called club at the location described; admit that the Lake Shore Hotel is located on Edgewater Drive, but deny that its method of carrying on its business is of the character described in the amended petition and further deny each and every allegation of the amended petition.

Upon the trial of the case certain evidence was introduced which may be summed up, as follows:

April 17th, 1935, a letter was received by the Board of Appeals which "respectfully

solicits the approval of the Lakewood Board of Appeals for the purpose of establishing its headquarters on the premises described." It represented that the society was composed entirely of newspaper men and women with a membership of more than three hundred, and stated the purposes of the organization. This application came before the Board of Appeals May 1, 1935. It was reviewed with respect to the zoning ordinance. It was moved and carried that the request be granted.

June 17, 1935, the Council adopted resoluntion No. 2858, directing the officials of the Board of Appeals to notify the Artisans Progressive Society that a permit to operate a private club is refused and also requested the Mayor of Lakewood to notify the Liquor Control Board that the Council objects to the granting of any license for the sale of liquor and beer at this location. A copy of the resolution was sent to the Artisans Progressive Society and also to the Liquor Control Board, and was offered in evidence in this cause. Ordinance No. 1786, is the Zoning Ordinance of the City of Lakewood. A copy of this ordinance is in evidence, and the property is classified as to uses. Group 1—Residence Classes—Class L-a §3, in part, reads:

"Private club, excepting a club the chief activity of which is a service customarily carried on as a business."

While the amended petition refers to the "private club" in several places it refers to it as a "business", and therefore it comes within the exception of the ordinance.

Section 22 of the Zoning Ordinance, pertaining to the Board of Appeals, reads as follows:

"ENFORCEMENT, BOARD OF ZONING APPEALS—This ordinance shall be enforced by the inspector of buildings under the rules and regulations of the board of zoning appeals. The Board of Appeals created by the building code is hereby created a board of zoning appeals for the purposes of this ordinance. All meetings of the Board of Zoning Appeals shall be public. The Board of Zoning Appeals shall keep minutes of its proceedings, showing the vote of each member upon every question, or, if absent or failing to vote, indicate such fact. The Board of Zoning Appeals shall adopt from time to time such rules and regulations as they may deem necessary to carry into effect the provisions of this ordinance. Any decision of the Inspector of Buildings made in the enforce-

ment of this ordinance may be appealed to the Board of Zoning Appeals by any person adversely affected by such decision. Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of the provisions of this ordinance, the Board of Zoning Appeals shall have power in a specific case to interpret any such provision in harmony with its general purpose and intent so that the public health, safety and general welfare may be secured and substantial justice done."

This is the only provision of the ordinance pertaining to the Board of Zoning Appeals or of the Inspector of Buildings. Burton R. Kimberly testified that there is no ordinance which requires him as Building Commissioner to issue a permit for a private club. No evidence was offered of any ordinance that does require him to issue such permit. "No application was made to him for any such permit," he testified.

CONCLUSIONS OF LAW:

A careful examination of the ordinances of the City of Lakewood does not disclose any provisions requiring the issuance of a permit for the operation of a private club by any official of the City of Lakewood. In order to grant the relief prayed for by the relator the court would have to find that there is some ordinance and law which requires some official to issue a permit of the kind prayed for.

Sec 12283 GC, is as follows:

"Mandamus is a writ issued in the name of the state to an inferior tribunal court, corporation, board or person commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station."

There has not been presented to the court by way of evidence or arguments any law or ordinance which specially requires any official of the City of Lakewood to issue a permit for a private club. Therefore, the application for a writ of mandamus directed to the Building Inspector of the City of Lakewood to issue a permit for the operation of a private club must be denied, and it follows necessarily that the injunction prayed for against the Mayor and other officers restraining them from interfering with the Building Commissioner must be denied. A writ may be issued only when it is clearly shown that some statute or ordinance specially enjoins a duty upon each or any of the defendants and only those upon

whom the duty is enjoined may be subject to the writ.

"It is well settled that the lawful discretion vested in an individual, officer or corporation cannot be destroyed, controlled or limited by the writ of mandamus."
**25 Ohio Jurisprudence, 28.**

"As has been previously pointed out only those duties specially enjoined by law are enforceable in mandamus and the right thereto must be certain and clear."
**25 Ohio Jurisprudence, 28.**

"**Sec 12285 GC.** The writ may require an inferior tribunal to exercise its judgment, or proceed to discharge all its functions, but it cannot control judicial discretion."

For all of the foregoing reasons the writ of mandamus is denied.